**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SANDRA LIFSCHITZ, individually and on
behalf of all others similarly situated,

                     Plaintiffs,

                - against -

HEXION SPECIALTY CHEMICALS, INC.,
CRAIG O. MORRISON, and
JOSHUA J. HARRIS,

                    Defendants.
------------------------------------------------------------x

08 Civ. 6394 (RMB)

**ORDER**

**I.    Introduction**

On February 27, 2009, pursuant to Local Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, Steve Stilliard ("Stilliard") moved for reconsideration of the Court's February 17, 2009 Order appointing Sandra Lifschitz ("Lifschitz") and Robert Burch ("Burch") as lead plaintiffs (collectively, "Hexion Group"). (See Steve Stilliard's Mot. for Reconsideration of Feb. 17, 2009 Order, dated Feb. 27, 2009 ("Stilliard Mot."), at 1.) The February 17, 2009 Order held, among other things, that the Hexion Group "appear[s] to have the largest financial interest measured in terms of the approximate loss suffered, alleging a combined loss of approximately $208,795," and "(preliminarily) satisf[ies] the typicality and adequacy requirements of Fed. R. Civ. P. 23." (Feb. 17, 2009 Order at 4, 5 (internal citations omitted).)

Stilliard argues, among other things, that "since Burch [who traded in put options] is undeniably not a member of the [purported] Class [of purchasers of Huntsman Corporation ('Hunstman') common stock], he did not have . . . standing to move to be appointed lead plaintiff" and the Court's determination "that Stilliard may not be an adequate [lead] plaintiff

since he may be employed by [Hexion Specialty Chemicals, Inc. ('Hexion')] in the future is unfounded because Huntsman terminated the Merger Agreement and settled with Hexion on December 14, 2008." (Stilliard Mot. at 4, 8 (internal citations omitted) (emphasis omitted).)

On March 11, 2009, the Hexion Group filed an opposition, arguing, among other things, that Stilliard's argument that "Burch is not a class member because he traded in options . . . was soundly refuted by references to statutes and cases, and explicitly addressed by this Court in its prior Order," and "while the merger between Huntsman and Hexion . . . will not be consummated, the possibility of a conflict [between Stilliard and the purported Class] still exists" because the "settlement agreement specifically states 'Hunstman will cooperate with the Hexion Parties . . . in the Huntsman Shareholder Action [i.e., Lifschitz, et al. v. Hexion Specialty Chem., Inc., et al., 08 Civ. 6394].'" (Hexion Group Opp'n to Stilliard's Mot. for Reconsideration, dated Mar. 11, 2009 ("Hexion Group Opp'n"), at 2, 5 (quoting Hexion Form 8-K, dated Dec. 15, 2008 ("Hexion 8-K"), Ex. 10.1.)

**For the reasons set forth below, Stilliard's motion for reconsideration is denied.**

## II.   Legal Standard

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cartier, a Div. of Richemont N. Am., Inc. v. Aaron Faber, Inc., 396 F. Supp. 2d 356, 363 (S.D.N.Y. 2005) (internal quotation omitted). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "not a motion to reargue those issues already considered when a party does not like the way the original

2

motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (citations omitted).

### III. Analysis

Stilliard's motion for reconsideration points to no "controlling decisions or data that the court overlooked." Shrader, 70 F.3d at 257. Among other things, the Court earlier considered Stilliard's argument that "Burch, a put options trader, 'is not a proper lead plaintiff because he is not a member of the Class.'" (Feb. 17, 2009 Order at 5 (quoting Stilliard Reply in Supp. of Mot. for Appointment as Lead Pl. and Approval of Lead Counsel, dated Oct. 14, 2008, at 7)); see In re Houbigant, 914 F. Supp. at 1001; see also Freudenberg v. E*Trade Fin. Corp., No. 07 Civ. 8538, 2008 WL 2876373, at *6 (S.D.N.Y. July 16, 2008) (courts "often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned"); In re Priceline.com Inc. Sec. Litig., 236 F.R.D. 89, 99 (D. Conn. 2006); Hoexter v. Simmons, 140 F.R.D. 416, 421 (D. Ariz. 1991).

And, Stilliard did not raise the point that the merger agreement between Hexion and Huntsman had been terminated on December 14, 2008 until after the Court had ruled on the lead plaintiff motions. This argument does not warrant reconsideration of the February 17, 2009 Order. See Steinberg v. Ericsson LM Telephone Co., No. 07 Civ. 9615, 2008 WL 1721484, at *1 (S.D.N.Y. Apr. 11, 2008) ("The moving party may not raise new facts, issues or arguments not previously presented to the court on a motion for reconsideration."); see also HCL Partners Ltd. P'ship v. Leap Wireless Int'l, Inc., No. 07 Civ. 2245, 2008 WL 3915150, at *1 (S.D. Cal. Aug. 22, 2008). In any event, the termination of the merger agreement does not eliminate the appearance of a conflict of interest that would render Stilliard, Vice President of Huntsman's Asia Pacific Performance Products Division, "unable potentially to fairly and adequately protect

the interests of the Class." (Feb. 17, 2009 Order at 6 (internal quotations and citations omitted));

see In re Peregrine Sys., Inc. Sec. Litig., No. 02 Civ. 870, 2002 WL 32769239, at *8 (S.D. Cal.

Oct. 11, 2002); (Hexion 8-K at 1, Ex. 10.1 (pursuant to the December 14, 2008 settlement,

Hexion and Huntsman "agreed to release each other from all claims and actions they have or

may have against each other" and will "cooperate . . . in the Huntsman Shareholder Action").)

## IV. Conclusion and Order

For the reasons set forth herein and in the February 17, 2009 Order, Stilliard's motion for reconsideration [#29] is denied.

Dated: New York, New York
       March 19, 2009

*/s/ RMB*
**RICHARD M. BERMAN, U.S.D.J.**