# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____         │
│ DATE FILED: 1/21/10          │
└─────────────────────────────┘
```

| | |
|---|---|
| SANDRA LIFSCHITZ, Individually and on ) <br> Behalf of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEXION SPECIALTY CHEMICALS, ) <br> INC., CRAIG O. MORRISON, and ) <br> JOSHUA J. HARRIS, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. <br><br> 08 Civ. 6394 (RMB) <br><br><br> **PRELIMINARY ORDER FOR NOTICE AND SETTLEMENT FAIRNESS HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS** |

**WHEREAS**, a class action is pending before the Court entitled *Lifschitz v. Hexion Specialty Chemicals, et al.*, Civil Action No. 08-6394 (RMB) (the "Action"); and

**WHEREAS**, the Court has received the Stipulation of Settlement dated January 11, 2010 (the "Stipulation"), that has been entered into by the Settling Parties (as defined in ¶1.29 of the Stipulation), and the Court has reviewed the Stipulation and the exhibits annexed thereto (the "Exhibits"); and

**WHEREAS**, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the settlement of the Action, in accordance with the Stipulation which, together with the Exhibits, sets forth the terms and conditions for a proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and

**WHEREAS**, the Court having read and considered the Stipulation and the Exhibits; and

**WHEREAS**, all capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all persons who purchased the common stock or call options or sold put options of Huntsman Corporation ("Huntsman") during the period from May 9, 2008 through June 18, 2008, inclusive (the "Class Period"). The Class shall exclude Defendants, members of the immediate family of any such Defendant, any entity which has or had a controlling interest in any Defendant or in which any Defendant has or had a controlling interest, their respective officers and directors, Apollo Global Management, LLC ("Apollo Global"), any partner of or

2

person or entity affiliated with Apollo Global, including, without limitation, any fund established by Apollo Global and/or any person or entity who invested in such fund (Apollo Global and all such partners, persons, entities and funds being collectively referred to as "Apollo"), Huntsman, Jon M. Huntsman, Peter R. Huntsman Family Holdings Company LLC, The Jon and Karen Huntsman Foundation, Karen H. Huntsman Inheritance Trust, Huntsman Financial Corporation, Brynn B. Huntsman, as Custodian under The Utah Uniform Transfers to Minors Act, for the benefit of Rebecca Brynn Huntsman, Rachel Brynn Huntsman, Caroline Brynn Huntsman, Amber Brynn Huntsman, Virginia Brynn Huntsman, and James B. Huntsman, Credit Suisse Securities LLC, and Deutsche Bank Securities, Inc., and officers, directors, legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.  If the Settlement is not approved by the Court, or is not consummated for any other reason, this conditional determination shall be null and void and Defendants shall not be precluded from opposing certification of the class, or any part thereof.

2.      For purposes of this Settlement only, the Court conditionally finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs Sandra Lifschitz and Robert Burch will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  If the Settlement is not approved by the Court, or is not

consummated for any other reason, these conditional findings shall be null and void and Defendants shall not be precluded from disputing any of the prerequisites for a class action.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Lead Plaintiffs Sandra Lifschitz and Robert Burch are certified as class representatives and Law Offices Bernard M. Gross, P.C. is appointed Lead Counsel for the Class.

4.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

5.     A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be held before this Court on May 18, 2010 at 11:00 a.m., in Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class Members and should be approved by the Court; whether a judgment ("Judgment") should be entered herein; whether the proposed Plan of Distribution, as set forth in the Notice of Pendency and Proposed Settlement of Class Action, Settlement Fairness Hearing and Application for Attorneys' Fees and Expenses (the "Notice"), should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel; and to rule upon such other matters as the Court may deem appropriate.

6.     The Court approves, as to form and content, the Notice, the Proof of Claim and Release and the Publication Notice annexed as Exhibits A-1, A-2 and A-3 hereto, respectively, and finds that the mailing and distribution of the Notice and publication of the Publication Notice

4

in the manner and form set forth in ¶ ¶ 7 and 8 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     The firm Valley Forge Administrative Services ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Within five (5) business days of the Court's preliminary approval of this Settlement, Defendants shall use their reasonable best efforts to provide to Plaintiffs' Lead Counsel in a computer-readable format a list of the last known names and addresses of all Huntsman shareholders of record during the Class Period, as well as a list of email addresses of "street-name" holders used by Huntsman in its communications with shareholders.   Hexion Specialty Chemicals, Inc. shall bear the expense of providing such names and addresses to Plaintiffs' Lead Counsel;

(b)     Plaintiffs' Lead Counsel, along with the Claims Administrator, shall make reasonable efforts to identify all persons who are Class Members; on or before February 16, 2010 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, respectively, to be mailed by first class mail, postage prepaid, to all Class Members who can be identified with reasonable effort, as provided in ¶5.3 of the Stipulation;

(c)     Ten (10), fifteen (15),  and twenty (20) days after the mailing of the Notice (or the first business day after each such date if such day falls on a weekend or holiday),

Plaintiffs' Lead Counsel shall cause the Publication Notice, substantially in the form annexed as Exhibit A-3 hereto, to be published over PR Newswire;

(d)    At least seven (7) calendar days prior to the Settlement Fairness Hearing, Plaintiffs' Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court an affidavit or declaration describing the efforts taken to comply with this Order and providing proof of publication of the Publication Notice; and

(e)    The Claims Administrator will post the Notice, the Proof of Claim and Release, and the Stipulation on the website www.huntsmanshareholdersecuritieslitigation.com on or before the Notice Date.

8.    Nominees who purchased the common stock or call options or sold put options of Huntsman for the beneficial ownership of Class Members during the Class Period are directed to send the Notice and the Proof of Claim and Release to all beneficial owners of such Huntsman common stock or options within seven (7) calendar days after receipt thereof, with contemporaneous notice of said mailing to the Claims Administrator, or to send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim and Release to such beneficial owners.  The Claims Administrator shall, if requested, reimburse out of the Settlement Fund banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9.      All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10.      Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted at the post office box indicated in the Notice, postmarked not later than May 5, 2010.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the net proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments as provided in this Order.

11.      Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Class Member does not enter an appearance, he, she or it will be represented by Plaintiffs' Lead Counsel.

12.      Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must send to the Claims Administrator a request for exclusion ("Request for Exclusion"), which must be postmarked not later than May 3, 2010.  A Request for Exclusion must state:  (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Huntsman common stock or call options purchased during the Class Period or the number of Huntsman put options sold during the Class Period, including the dates of purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the

7

distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Action.

13.    Any Class Member may appear and show cause, if he, she or it has any, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate; why a Judgment should or should not be entered thereon; why the Plan of Distribution should or should not be approved; or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered or sent by first class mail written objections and copies of any papers and briefs on or before May 3, 2010 to Law Offices Bernard M. Gross, P.C., Deborah R. Gross, Esquire, Suite 450 Wanamaker Building, 100 Penn Square East, Philadelphia, Pennsylvania 19107.  A written statement of objection should contain a statement of such person's or entity's objection(s) to any matter before the Court concerning the Settlement, the grounds therefor or the reasons that such person or entity desires to be heard, and such person's or entity's purchases and sales of Huntsman securities during the Class Period, including the date and amount and price(s) paid or received for such securities.  Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Distribution, and/or the request for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Distribution, and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and

8

exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

14.    Any Class Member who does not make his, her or its objection in the manner provided and at the time required shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Distribution, or to the award of attorneys' fees and expenses to Plaintiffs' Lead Counsel, unless otherwise ordered by the Court.

15.    Defendants shall cause $1,000,000 of the principal amount of the Settlement Fund to be transferred to the Court Registry Investment System ("CRIS") (the "Escrow Account") within fifteen (15) business days after this Order has been entered, and the balance of $17,000,000, plus interest earned on this amount from the date of the entry of this Order at the same rate as that earned in the Escrow Account, within fifteen (15) business days after the entry of the Judgment. Upon receipt of written instructions from Plaintiffs' Lead Counsel to CRIS, CRIS shall send the amounts requested to Plaintiffs' Lead Counsel to pay costs of notice and administration, and taxes as they become due and payable, up to a maximum of $150,000 in the aggregate prior to entry of the Judgment.

16.    All funds held by CRIS shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    All motions and papers in support of final approval of the Settlement, the Plan of Distribution, and any application by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses shall be filed, served, and posted on the website

www.huntsmanshareholdersecuritieslitigation.com no later than March 3, 2010, and all reply briefs in support of said motions shall be filed, served and posted on the website www.huntsmanshareholdersecuritieslitigation.com no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

18.     Neither the Released Persons nor Defendants' Counsel shall have any responsibility for the Plan of Distribution or any application for attorneys' fees and expenses submitted by Plaintiffs' Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

19.     At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Distribution proposed by Plaintiffs' Lead Counsel and any application for attorneys' fees or expenses shall be approved.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation and as approved by the Court.  Counsel shall apply to the Court for written approval before distributing expenses (either of counsel or claims administration).

21.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or an admission or concession by Lead Plaintiffs that liability against Defendants did not exist, or that the amount of damages was greater.

22.     Pending final approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action, other than those preparatory to the Settlement Fairness Hearing, shall be stayed.

23.    Pending final approval of the Court of the Stipulation and its Exhibits, all Class Members shall be barred from prosecuting any Released Claim(s) (as defined in ¶¶1.5 and 1.25 of the Stipulation).

24.    The Court reserves the right to adjourn the date of the Settlement Fairness Hearing or modify the dates set forth herein without further notice to Class Members. The Court may also approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class. The Court further reserves the right to enter a Judgment approving the Stipulation and dismissing the Action on the merits and with prejudice regardless of whether it has approved the Plan of Distribution or awarded attorneys' fees and expenses.

25.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to class members.

26.    The Court retains exclusive jurisdiction over the Action to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

DATED:  1/21/10

**THE HONORABLE RICHARD M. BERMAN**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA LIFSCHITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEXION SPECIALTY CHEMICALS, INC., CRAIG O. MORRISON, and JOSHUA J. HARRIS,<br><br>Defendants. | Civil Action No.<br><br>08 Civ. 6394 (RMB) |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING AND APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

**IF YOU PURCHASED HUNTSMAN CORPORATION ("HUNTSMAN") COMMON STOCK OR CALL OPTIONS OR SOLD HUNTSMAN PUT OPTIONS BETWEEN MAY 9, 2008 AND JUNE 18, 2008, INCLUSIVE, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**SECURITY AND TIME PERIOD:**  Huntsman Corporation (symbol: "HUN") common stock or call options purchased or Huntsman put options sold between May 9, 2008 and June 18, 2008, inclusive (the "Class" and "Class Period").

**SETTLEMENT AMOUNT:**  $18,000,000.00 (U.S.) in cash.

**REASONS FOR THE SETTLEMENT:**

For the Plaintiffs, the principal reason for the settlement is the amount and the immediacy of the monetary benefit to be provided to the Class.  This result was compared to the risk of a smaller recovery, or no recovery at all, for the Class following trial and likely appeals, as well as the risk of a lengthy delay in recovery to the Class, even were there to be a successful result at trial.

For the Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

The parties disagree on both liability and the amount of damages that could have been recovered by the Class if Plaintiffs prevailed at trial and through the appellate process.  The parties disagree on (1) whether Defendants had any legal obligations, including a duty of disclosure, under the federal securities laws to the Class; (2) whether the statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (3) whether the Defendants acted recklessly or intentionally in making their statements to the market; (4) whether and by what amounts Huntsman common stock was

**EXHIBIT A-1**

artificially inflated during the Class Period; (5) the effect of various market forces influencing the trading price of Huntsman common stock at various times during the Class Period; and (6) the extent (if any) to which the statements that Lead Plaintiffs alleged were materially false or misleading influenced the trading price of Huntsman common stock during the Class Period.

## STATEMENT OF PLAINTIFF RECOVERY:

Based upon the number of shares of Huntsman common stock estimated to have been damaged during the Class Period, the estimated average recovery to Class Members is approximately $0.83 per share before deduction of any attorneys' fees and expenses that the Court might award. Your actual recovery may be higher or lower than this estimated average amount and will depend on a number of factors, including: the date(s) of your purchase(s) and any sale(s) of Huntsman common stock and options during the Class Period, and the prices you paid and received for those shares and options. We refer you to the Plan of Distribution beginning on page __ of this Notice for more detailed information on how you can estimate your actual per share recovery based on these factors. Please note that since we are unable to accurately estimate the number of Class Members that will ultimately file claims or the amount of those claims that will be eligible to share in the settlement, your actual payment may be larger or smaller than the amount of your loss calculated under the Plan of Distribution based on the amount your allowable claim represents proportionately to all claims allowed.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT:

Plaintiffs' Lead Counsel will ask the Court for an award of attorneys' fees not to exceed 25% of the Settlement Fund, and for reimbursement of expenses incurred during the prosecution of this Action not to exceed $100,000 (U.S.), plus interest earned on both amounts. If awarded, the requested fees and expenses will amount to an average of approximately $0.21 per damaged share. Plaintiffs' Lead Counsel has expended considerable time and effort in the prosecution of this litigation and, to date, has not received any payment for its work. In this type of litigation, counsel is frequently awarded a percentage of the common fund recovery as attorneys' fees.

| DEADLINES AND OTHER IMPORTANT DATES |
|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY May 5, 2010** |
| You MUST file a properly completed and timely Proof of Claim and Release (in the form accompanying this Notice) to be eligible to receive a payment from the Settlement Fund. Please refer to Question 8 below for more information regarding completing and submitting Proofs of Claim. |
| *If you did not receive a Proof of Claim and Release form with this Notice, you may obtain a copy over the Internet at www.huntsmanshareholdersecuritieslitigation.com, or by calling: 1-877-965-3300.* |
| **REQUEST TO BE EXCLUDED FROM THE CLASS BY May 3, 2010** |
| You may exclude yourself from the Class by submitting a properly completed and timely request for exclusion. If you request exclusion, you will not be permitted to participate in the settlement or receive a payment from the Settlement Fund, but you will not be required to release your claims against the Defendants and you may pursue a separate legal action against the Defendants on your own. Please refer to Question 11 below for more information regarding requesting exclusion from the Class. |

**OBJECT TO THE SETTLEMENT, PLAN OF DISTRIBUTION OR REQUEST FOR FEES AND/OR EXPENSES BY May 3, 2010**

You may object to any aspect of the proposed settlement, Plan of Distribution and/or request for attorneys' fees and reimbursement of expenses. To object, you may not request exclusion from the Class and you must timely submit all papers in support of your objection(s). Please refer to Question 14 below for more information concerning submitting objections.

**SUBMIT A NOTICE OF INTENT TO APPEAR AND BE HEARD AT THE SETTLEMENT FAIRNESS HEARING BY May 3, 2010**

The Court overseeing this case has not yet determined whether to approve the proposed settlement, to approve the proposed Plan of Distribution, or to award attorneys' fees or reimbursement of expenses to Plaintiffs' Lead Counsel. The Court will hear those requests at the settlement fairness hearing. You may ask to be heard with respect to any aspect of the settlement, Plan of Distribution or request for attorneys' fees and expenses by timely mailing a request to be heard, individually or through counsel, as described in Question 17 of this Notice.

**COURT HEARING ON THE PROPOSED SETTLEMENT WILL BE HELD ON May 18, 2010, at 11:00 a.m.**

A hearing for the Court to consider the fairness of the proposed settlement, the proposed Plan of Distribution and Plaintiffs' Lead Counsel's request for fees and reimbursement of expenses (the "Settlement Fairness Hearing") is currently scheduled for 11:00 a.m. on May 18, 2010, in Courtroom 21B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

You have the right to attend the Settlement Fairness Hearing and, if you comply with the requirements to appear and be heard set forth below in Question 17, you may speak at this hearing regarding any aspect of the settlement, the Plan of Distribution and/or the request for attorneys' fees and reimbursement of expenses.

You are not, however, required to attend the Settlement Fairness Hearing and, if the settlement is approved by the Court, your right to receive a payment will not be affected by whether or not you attend.

If you plan to attend the Settlement Fairness Hearing, you should check the website, www.huntsmanshareholdersecuritieslitigation.com, or with Plaintiffs' Lead Counsel as set forth below, to be sure that no change to the date and time of the hearing has been made.

**YOUR RIGHTS AND OPTIONS AND FOREGOING DEADLINES TO EXERCISE THEM ARE EXPLAINED MORE FULLY BELOW**

**Further Information:** Further information regarding the settlement and this Notice may be obtained by contacting the Claims Administrator for this settlement, Valley Forge Administrative Services, P.O. Box 220, Villanova, Pennsylvania 19085, 1-877-965-3300, by contacting Plaintiffs' Lead Counsel, Deborah R. Gross, Esquire, Law Offices Bernard M. Gross, P.C., Suite 450, Wanamaker Bldg., 100 Penn Square East, Philadelphia, Pennsylvania 19107, Telephone (215) 561-3600, or by accessing the website www.huntsmanshareholdersecuritieslitigation.com.

<div style="border: 1px solid black; text-align: center;">

**WHAT THIS NOTICE CONTAINS**

</div>

## Table of Contents

Page

**BASIC INFORMATION** ................................................................................................ __
    1.    Why Did I Get This Notice Package? __
    2.    What Is This Lawsuit About? __

**WHO IS ENTITLED TO SHARE IN THE SETTLEMENT** ................................................ __
    3.    How Do I Know If I Am Part Of The Class? __
    4.    Who Is Excluded From The Class? __

    5.    What If I Am Still Not Sure If I Am Included In The Class? __

**THE SETTLEMENT BENEFITS** .................................................................................... __
    6.    What Does The Settlement Provide? __
    7.    How Much Will My Payment Be? __

**SUBMITTING A PROOF OF CLAIM AND RELEASE FORM** ........................................ __
    8.    How Can I Get A Payment? __
    9.    When Will I Get My Payment? __
    10.    What Am I Giving Up To Get A Payment? __

**REQUESTS FOR EXCLUSION FROM THE CLASS** ...................................................... __
    11.    Can I Exclude Myself From The Class? __

**THE LAWYERS REPRESENTING THE CLASS** ............................................................ __
    12.    Do I Need A Lawyer To Represent Me In This Case? __

**PLAINTIFFS' LEAD COUNSEL's REQUEST FOR AN AWARD OF ATTORNEYS' FEES**

**AND REIMBURSEMENT OF EXPENSES** ...................................................................... __
    13.    How Much Will Lead Counsel Be Paid? __

**OBJECTING TO THE SETTLEMENT, THE PLAN OF DISTRIBUTION AND/OR THE**

**THE REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** .............. __
    14.    How Do I Tell The Court That I Do Not Like The
        Proposed Settlement? __

**THE SETTLEMENT FAIRNESS HEARING** .................................................................. __
    15.    When And Where Will The Court Decide Whether To Approve The Proposed
        Settlement? __
    16.    Do I Have To Come To The Hearing? __
    17.    May I Speak At The Hearing? __

**IF YOU DO NOTHING** ................................................................................................................ __
        18.      What Happens If I Do Nothing At All? __

**GETTING MORE INFORMATION** ........................................................................................... __
        19.      Are There More Details About The Proposed Settlement? __
        20.      How Do I Get More Information? __

**PLAN OF DISTRIBUTION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS** ......... __
        21.      How Do I Calculate My Recognized Claim? __
        22.      How And When Will I Be Paid? __

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES** ............................. __

<div align="center">

**BASIC INFORMATION ABOUT THIS ACTION**

</div>

### 1.    <u>Why Did I Get This Notice?</u>

You or someone in your family may have purchased Huntsman common stock or call options or sold Huntsman put options between May 9, 2008 and June 18, 2008, inclusive.

This Notice is being sent to you because, if you fall within the Class definition above, you have a right to know about a proposed settlement of a class action lawsuit, and about your rights and options, before the Court decides whether or not to approve the settlement.

This package summarizes information about the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible to claim them, and how to receive them.

### 2.    <u>What Is This Lawsuit About?</u>

The Court presiding over this case is the United States District Court for the Southern District of New York, and the case is known as *Lifschitz v. Hexion Specialty Chemicals, Inc., et al.*, Civil Action No. 08-6394 (the "Action"). This case is assigned to the Honorable United States District Judge Richard M. Berman.

The people who sued are called "Plaintiffs," and those they have sued, Hexion Specialty Chemicals, Inc., Craig O. Morrison and Joshua J. Harris, are called the "Defendants." The Lead Plaintiffs, Sandra Lifschitz and Robert Burch (collectively, "Plaintiffs"), are the Class Representatives for the Class in this case. Their Counsel, Law Offices Bernard M. Gross, P.C., is Plaintiffs' Lead Counsel and Class Counsel.

This Action was brought by Plaintiffs and against Defendants as a "class action." A class action is a form of action where one or more named-plaintiffs, subject to review by the Court, are permitted to represent all other persons and entities with similar claims in a single action. The Court certified this Action as a class action for settlement purposes on _____.

The Action arises out of the failed merger (the "Merger") between Hexion Specialty Chemicals, Inc. ("Hexion") and Huntsman. Defendants are Hexion, Craig O. Morrison, Hexion's Chief Executive Officer and Chairman, and Joshua J. Harris, a Director of Hexion. Lead Plaintiffs allege that Defendants violated Sections 10(b) and 20 of the Securities Exchange Act of 1934 by making false and misleading statements and failing to disclose material facts concerning the Merger during the Class Period.

The Merger was announced on July 12, 2007. Pursuant to the Merger agreement, Hexion contracted to purchase all of the common stock of Huntsman for $28 per share, in cash. The financing for the acquisition was to be provided by two banks that had signed a commitment letter on July 11, 2007. The original closing date for the Merger was April 5, 2008. By agreement, the closing was rescheduled for July 2008.

However, on June 18, 2008, after the close of the market, Hexion filed a lawsuit against Huntsman in Delaware Chancery Court seeking, among other things, a declaration that Hexion was not obligated to consummate the Merger because the combined entity would be insolvent. Hexion also issued a press release on June 18, 2008, stating that the financing for the Merger would not be available due to the insolvency of the combined entity.

This Action was filed on July 17, 2008 by Sandra Lifschitz. The complaint ("Complaint") alleges that by May 14, 2008, the date Defendants issued a Press Release and Form 10-Q for the quarter ended March 31, 2008, containing, among other things, statements concerning the Merger, Defendants had made the decision to walk away from the Merger and had taken, and continued to take throughout the Class Period, concrete and active steps to walk away from the Merger. The Complaint alleges that Defendants did not disclose these material facts and misrepresented their efforts to close the Merger until June 18, 2008.[1] On February 17, 2009, the Court entered an Order appointing Sandra Lifschitz and Robert Burch Lead Plaintiffs and affirming their choice of Lead Counsel, Law Offices Bernard M. Gross, P.C.

From the time of the filing of the Complaint through the date of reaching the proposed settlement, Lead Plaintiffs engaged in substantial investigation and discovery, including: (a) monitoring Hexion's lawsuit against Huntsman, *Hexion Specialty Chemicals, Inc. v. Huntsman Corp.*, Civil Action No. 3841-VCL (the "Delaware Litigation"), in the Delaware Chancery Court, (b) reading all of the trial transcripts from the Delaware Litigation, (c) obtaining from Defendants access to the non-public trial exhibits from the Delaware Litigation, (d) analyzing additional documents that Defendants produced, including transcripts of depositions from the Delaware Litigation, (e) monitoring the litigation involving Huntsman and the banks that were to have provided the financing for the merger, pending in Texas District Court, Montgomery County, styled *Huntsman Corp. v. Credit Suisse Securities (USA) (LLC) and Deutsche Bank Securities Inc.*, Cause No. 08-09-09258 (the "Texas Litigation"), (f) reviewing transcripts of depositions from the Texas Litigation, and (g) deposing two key witnesses, Colleen Nissl, in-house counsel for Hexion, and Scott Kleinman, a Director of Hexion.

The parties participated in a mediation chaired by a retired United States District Court Judge in an effort to reach a resolution of this Action. No resolution of this Action was reached, however, and Lead Plaintiffs continued their discovery efforts. The parties then began again to discuss a resolution of this Action and, after a series of meetings of counsel and experts, reached the proposed $18,000,000 cash settlement.

## WHO IS ENTITLED TO SHARE IN THE SETTLEMENT

To see if you will receive money from this settlement, you first have to determine if you are a Class Member.

---

[1]    During discovery, it appeared to Plaintiffs' Lead Counsel that such disclosure could arguably have been made even earlier, on May 9, 2008.

### 3.    How Do I Know If I Am Part Of The Class?

Everyone who fits the following description is a Class Member:  all persons who purchased Huntsman common stock or call options or sold Huntsman put options (symbol "HUN") between May 9, 2008 and June 18, 2008, inclusive.

### 4.    Who Is Excluded From The Class?

Defendants, members of the immediate family of any such Defendant, any entity which is or had a controlling interest in any Defendant or in which any Defendant has or had a controlling interest, their respective officers and directors, Apollo Global Management, LLC ("Apollo Global"), any partner of or person or entity affiliated with Apollo Global, including, without limitation, any fund established by Apollo Global and/or any person or entity who invested in such fund (Apollo Global and all such partners, persons, entities and funds being collectively referred to as "Apollo"), Huntsman, Jon M. Huntsman, Peter R. Huntsman Family Holdings Company LLC, The Jon and Karen Huntsman Foundation, Karen H. Huntsman Inheritance Trust, Huntsman Financial Corporation, Brynn B. Huntsman, as Custodian under The Utah Uniform Transfers to Minors Act, for the benefit of Rebecca Brynn Huntsman, Rachel Brynn Huntsman, Caroline Brynn Huntsman, Amber Brynn Huntsman, Virginia Brynn Huntsman, and James B. Huntsman, Credit Suisse Securities LLC, and Deutsche Bank Securities, Inc., and officers, directors, legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person are excluded from the Class.

Also excluded from the Class are any Class Members who request to be excluded from the Class by timely filing properly completed requests for exclusion in accordance with the requirements set forth below in Question 11.

You are a Class Member only if you **purchased** Huntsman common stock or call options or **sold** Huntsman put options **during** the Class Period.  Therefore, if your transactions in Huntsman common stock or options were before May 9, 2008 (the start date of the Class Period), or you only **sold** your Huntsman common stock or call options or you covered your Huntsman put options during the Class Period, you are not a Class Member.

### 5.    What If I Am Still Not Sure If I Am Included In The Class?

If you are still not sure whether you are included, you can ask for free help.  For more information, you can call the Claims Administrator, Valley Forge Administrative Services, at 1-877-965-3300, email info@huntsmanshareholdersecuritieslitigation.com, or visit the Claims Administrator's website, www.huntsmanshareholdersecuritieslitigation.com.  Or you can fill out and return the Proof of Claim and Release form described in Question 8 below, to see if you qualify.

### THE SETTLEMENT BENEFITS

### 6.    What Does The Settlement Provide?

In exchange for the settlement and dismissal of the Action, and the releases they will receive, Defendants have agreed to create an $18,000,000 (U.S.) cash settlement fund plus accrued interest.  The Settlement Fund, after deduction of any attorneys' fees and expenses awarded by the Court and the costs of notice to the Class and of claims administration, and the payment of taxes and tax expenses (which amount is referred to as the "Net Settlement Fund"), will be divided among all Class Members who submit timely and valid Proof of Claim and Release forms and who, based upon the Plan of Distribution (see page __

below), are entitled to a payment due to their purchases of Huntsman common stock or call options or sale of Huntsman put options during the Class Period.

**7.    How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid Proof of Claim and Release forms submitted, the number of shares of Huntsman common stock or call options you bought and how much you paid for those securities and, if you sold any of those Huntsman securities, when you sold them and for how much, and the number of Huntsman put options you sold and how much you received being deducted from the amount you had to pay to cover the short. If claims are submitted for 100% of the number of shares of Huntsman common stock that Plaintiffs' experts have estimated were damaged by Defendants' alleged misconduct during the Class Period, the estimated average recovery per share (before deduction of any attorneys' fees and expenses the Court may award) would be $0.83. Historically, however, less than 100% of those who are eligible to submit claims in class action settlements actually submit such claims and, as a result, the average estimated recovery to eligible Class Members is anticipated to be higher.

You can calculate your "Recognized Claim" in accordance with the formula shown below in the Plan of Distribution beginning on page __. It is unlikely that you will receive payment of the full amount of your Recognized Claim. The payment you receive will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Recognized Claims.

### SUBMITTING A PROOF OF CLAIM AND RELEASE FORM

**8.    How Can I Get A Payment?**

To qualify for a payment, you must send in a Proof of Claim and Release form. A Proof of Claim and Release form is enclosed with this Notice. You may also obtain a Proof of Claim and Release form on the Internet at www.huntsmanshareholdersecuritieslitigation.com or by calling: 1-877-965-3300.

Please read the instructions contained in the Proof of Claim and Release form carefully, find all of the documents the Proof of Claim and Release form requests, fill out the Proof of Claim and Release form, sign the Proof of Claim and Release form, and mail your completed Proof of Claim and Release form, with supporting documents the form requests, postmarked **no later than May 5, 2010**, to the following address:

*Lifschitz v. Hexion Specialty Chemicals, Inc.*
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085

**9.    When Will I Get My Payment?**

The Court will hold a Settlement Fairness Hearing on **May 18, 2010** to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It also takes time for all of the Proof of Claim and Release forms to be processed. It is not unusual for the entire claims processing to take a year or more to complete.

10.    **What Am I Giving Up To Get A Payment?**

If you remain a member of the Class, all of the Court's orders and judgments will apply to you and legally bind you. Unless you request exclusion from the Class, you will be deemed to have released all "Released Claims" (as defined below) against the "Released Persons" (as defined below), when the Effective Date of the settlement occurs. The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and is not subject to any further appeal.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, at law or in equity, whether class or individual in nature, including but not limited to, both known claims and Unknown Claims, (i) that have been asserted in this Action, (ii) that could have been asserted in this Action or in any other forum by Lead Plaintiffs or by any member of the Class, as such or in any other capacity, against any of the Released Persons that arise out of, relate to or are based upon, in whole or in part, any of the allegations, transactions, facts, matters or occurrences, representations or omissions, set forth or referred to in the Complaint filed in this Action by Lead Plaintiffs, or the purchase of any common stock or call options or sale of put options of Huntsman during the Class Period; or (iii) that relate to the administration or distribution of the Net Settlement Fund.

"Unknown Claims" means any and all Released Claims which the Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, included but not limited to, any decision whether to request exclusion from the Class or to object to any aspect of this Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs and Defendants shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to

9

have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement of which this release is a part.

"Released Persons" means each and all of the Defendants and Apollo, as well as each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the present or former officers, directors, employees, agents, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors and assigns of each of them.

## REQUESTS FOR EXCLUSION FROM THE CLASS

### 11.    Can I Exclude Myself From The Class?

Yes.  If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice, you may request to be excluded.  To do so, you must so state in a writing, post-marked **no later than May 3, 2010**.  You must set forth: (a) your name, current address and telephone number; (b) the number of shares of Huntsman common stock or call options you purchased or Huntsman put options you sold during the Class Period and the dates and prices of such purchase(s) and/or sale(s); and (c) a clear and unambiguous statement that you wish to be excluded from the Class in *Lifschitz v. Hexion Specialty Chemicals, Inc., et al.*, Civil Action No. 08-6394.  Your request for exclusion should be addressed as follows:

*Lifschitz v. Hexion Specialty Chemicals, Inc.*
**EXCLUSIONS**
**Claims Administrator**
**c/o Valley Forge Administrative Services**
**P.O. Box 220**
**Villanova, PA 19085**

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST**.  You cannot exclude yourself from the Class over the phone or by email.

**Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.**

If you validly request exclusion from the Class:  (a) you will be excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you will not be bound by any judgment entered in the Action, and (d) by reason of your decision to request exclusion from the Class, you will not be precluded from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the Action.

## THE LAWYERS REPRESENTING THE CLASS

### 12.    Do I Need A Lawyer To Represent Me In This Case?

No.  You are represented in this case by the law firm of Law Offices Bernard M. Gross, P.C., located in Philadelphia, Pennsylvania, who is called "Plaintiffs' Lead Counsel."  These attorneys will be paid only from the Settlement Fund and, therefore, you will not be personally charged for these lawyers' services.

10

If you wish to consult or be represented by your own lawyer, you must retain such counsel at your own expense.

## PLAINTIFFS' LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

### 13.    How Much Will Lead Counsel Be Paid?

Plaintiffs' Lead Counsel will ask the Court to award attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund and for reimbursement of their expenses in an amount not to exceed $100,000 (U.S.), plus interest on such amounts at the same rate as earned by the Settlement Fund.

Plaintiffs' Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses is a matter separate and apart from the proposed settlement, and any decision by the Court concerning the request for an award of attorneys' fees and reimbursement of expenses shall not affect the validity or finality of the proposed settlement. Plaintiffs' Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses may be modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member, without further notice to the Class.

## OBJECTING TO THE SETTLEMENT, PLAN OF DISTRIBUTION AND/OR REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

You can tell the Court that you do not agree with the settlement or any part of it.

### 14.    How Do I Tell The Court That I Do Not Like The Proposed Settlement?

If you are a Class Member, you can object to the settlement or any of its terms, the proposed plan of distribution and/or the application by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements. The Court will consider your views if you mail a proper objection by the deadline identified herein, and according to the following procedures.

To object, you must send a signed letter or other document stating that you object to the proposed settlement in *Lifschitz v. Hexion Specialty Chemicals, Inc., et al.*, Civil Action No. 08-6394. Be sure to include your name, current address, telephone number, and your signature, the date(s), price(s), and number(s) of shares of all purchases of Huntsman common stock or call options, or sales of Huntsman put options you made during the Class Period, and any sale(s) or purchase(s) of those securities, and state the reasons why you object to the settlement. Your objection must be mailed **no later than May 3, 2010 to:**

**PLAINTIFFS' LEAD
COUNSEL**

Deborah R. Gross
LAW OFFICES BERNARD M.
GROSS, P.C.
Suite 450, Wanamaker Bldg.
100 Penn Square East
Philadelphia, PA 19107

You do not need to attend the Settlement Fairness Hearing to have your written objection considered by the Court. However, any Class Member who has complied with the procedures set out in this Question 14 and Question 17 below for filing a statement of intention to appear at the Settlement Fairness Hearing may also appear and be heard. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Fairness Hearing.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to do so.

### 15.    When And Where Will The Court Decide Whether To Approve The Proposed Settlement?

The Court will hold a Settlement Fairness Hearing on May 18, 2010 at 11:00 a.m., before the Honorable Richard M. Berman in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Room 21B, 500 Pearl Street, New York, NY 10007-1312. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court will also consider the proposed Plan of Distribution for the settlement proceeds and may also decide how much to award Plaintiffs' Lead Counsel for its reasonable attorneys' fees and expenses. The Court will take into consideration any written objections filed in accordance with the instructions set forth above in Question 14. The Court may also listen to people who have properly indicated, by the deadline identified herein, an intention to speak at the hearing. Please see Question 17 below for more information about speaking at the hearing. At or after the Settlement Fairness Hearing, the Court will consider whether to approve the settlement, the plan of distribution and the request by Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. If you plan to come to the hearing, you should check with Plaintiffs' Lead Counsel before coming to be sure that the date and/or time has not changed by going to www.huntsmanshareholdersecuritieslitigation.com.

### 16.    Do I Have To Come To The Settlement Fairness Hearing?

No, but you are welcome to come at your own expense. At the Settlement Fairness Hearing, Plaintiffs' Lead Counsel will answer any questions the Court may have. If you send an objection, you are not required to come to Court to present your objection. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not required.

Class Members are not required to appear at the hearing or take any other action to indicate their approval.

**17.    May I Speak At The Settlement Fairness Hearing?**

If you object to the settlement, the plan of distribution, and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (*see* Question 14 above) a statement that it is your "Notice of Intention to Appear in *Lifschitz v. Hexion Specialty Chemicals, Inc., et al.*, Civil Action No. 08-6394." Any Person who intends to speak at the Settlement Fairness Hearing about his objection to the settlement, the plan of distribution and/or Plaintiffs' Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses and who wishes to present evidence at the Settlement Fairness Hearing must include in his written objection the identity of any witnesses he or she may call to testify and exhibits he or she intends to introduce into evidence at the Settlement Fairness Hearing.

Unless the Court orders otherwise, you cannot speak at the Settlement Fairness Hearing if you have not provided written notice of your intention to appear by **May 3, 2010** and otherwise in accordance with the procedures described in Question 14 above.

**IF YOU DO NOTHING**

**18.    What Happens If I Do Nothing At All?**

If you do nothing, you will not get any money from this settlement. To share in the Net Settlement Fund, you must submit a Proof of Claim and Release form (*see* Question 8 above).

The Judgment and Order of Dismissal With Prejudice approving the settlement as final will dismiss the Action and settle all Class Members' Released Claims against all Released Persons. Unless you exclude yourself from the Class, you will be barred and enjoined from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Persons about the Released Claims in this case, and this is so whether or not you submit a Proof of Claim and Release form.

**GETTING MORE INFORMATION**

**19.    Are There More Details About The Proposed Settlement?**

This Notice summarizes the proposed settlement. More details can be found in the Stipulation and Agreement of Settlement dated January 11, 2010 (the "Stipulation"). You can get a copy of the Stipulation by writing to: Bernard M. Gross, P.C., Suite 450, Wanamaker Bldg., 100 Penn Square East, Philadelphia, Pennsylvania 19107. You can also call the Claims Administrator toll-free at 1-877-965-3300 or visit the website www.huntsmanshareholdersecuritieslitigation.com, where you will find a copy of the Stipulation, as well as the Proof of Claim and Release form and other information to help you determine whether you are a Class Member and whether you are eligible for a payment from the Net Settlement Fund.

**20.    How Do I Get More Information?**

For even more detailed information concerning the matters involved in this Action, you can refer to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action,

which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, during regular business hours.

## PLAN OF DISTRIBUTION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $18,000,000 (U.S.) cash settlement proceeds and the interest earned thereon is called the "Gross Settlement Fund." The Gross Settlement Fund, less all taxes, approved costs, fees and expenses is called the "Net Settlement Fund." The Net Settlement Fund shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants"). The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim," which will be the amount of each Authorized Claimant's loss as calculated using the formulas below. Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Claim bears to the total of the Recognized Claims of all Authorized Claimants.

The Recognized Claim formula (which is set forth below) is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to an Authorized Claimant pursuant to the settlement. Rather, the Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants based upon several factors, including when a Class Member purchased Huntsman common stock and call options or sold Huntsman put options during the Class Period, when or if a Class Member sold or covered those securities, and Plaintiffs' Lead Counsel's estimation, based on consultation with Plaintiffs' experts, of the relative strengths and weaknesses of the Class' claims and the impact of the alleged misconduct by Defendants on Huntsman's common stock at various times during the Class Period.

The Plan of Distribution is a matter separate and apart from the proposed settlement, and any decision by the Court concerning the Plan of Distribution shall not affect the validity or finality of the proposed settlement. The Plan of Distribution may be modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member, without further notice to the Class.

In order to be an Authorized Claimant, you must have purchased Huntsman common stock or call options or sold Huntsman put options between May 9, 2008 and June 18, 2008, and held such securities at the close of business on June 18, 2008.

**An Authorized Claimant's "Recognized Claim" shall be calculated as follows:**

For each share of common stock of Huntsman you purchased in the Class Period and continued to hold through the close of trading on June 18, 2008, your Recognized Claim will be the purchase price, excluding commissions and fees, less $12.86, the closing price of Huntsman common stock on June 19, 2008.

For each call option of Huntsman you purchased in the Class Period and continued to hold through the close of trading on June 18, 2008, your Recognized Claim will be the purchase price, excluding commissions and fees, less the price of the option at the close of trading on June 19, 2008.

For each put option of Huntsman you sold in the Class Period and continued to hold through the close of trading on June 18, 2008, your Recognized Claim will be the price of the option as of the close of trading

14

on June 19, 2008, less the price received on the date of sale of the option, excluding commissions and fees.

However, if your purchase of Huntsman common stock or call options, or your sale of put options, occurred between May 9, 2008 and May 13, 2008, your Recognized Claim will be valued at 20% of the above calculated formula for Recognized Claim. This is based on the determination by Plaintiffs' Lead Counsel of the weakness of the factual evidence in connection with the disclosure obligations of the federal securities laws during this May 9-13, 2008 time period.

If you did not hold the stock or options through and until the close of trading on June 18, 2008, you have no Recognized Claim and you will not receive any money from the Net Settlement Fund. If you engaged in multiple purchases and/or sales of Huntsman common stock or options during the Class Period, the first-in first-out method ("FIFO") will be applied to determine the relevant purchases and sales in calculating your Recognized Claim.

For all purposes, the transaction date, and not the settlement date, shall be used as the date for determining inflation per share, eligibility to file a claim and the calculation of Recognized Claims. All purchases and sales of Huntsman common stock or options shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting.

### 21.    How Do I Calculate My Recognized Claim?

The sample calculations below have been provided to assist you in using the formulas and tables above to calculate your Recognized Claim under the Plan of Distribution formula set forth above. These examples are for informational purposes only and are not a guarantee of actual recovery in any particular circumstance. The actual recovery is a function of several variables which are not yet known, including without limitation, the number of claims submitted and approved and the amount of attorneys' fees and expenses approved.

- Claimant A bought 100 shares of Huntsman common stock at $23.70 per share on May 14, 2008 and sold these shares for $21.93 on June 2, 2008. Claimant A has no Recognized Claim because the shares were not held on June 18, 2008.

- Claimant B bought 100 shares of Huntsman common stock at $23.70 on May 14, 2008, and held these shares after July 1, 2008. Claimant B's Recognized Claim will be $23.70 less $12.86, or $10.84.

- Claimant C bought 100 shares of Huntsman common stock on May 9, 2008 for $23.93 per share, and held these shares after July 1, 2008. Claimant C's Recognized Claim will be 20% of the difference between $23.93 less $12.86, or $2.21.

### 22.    How And When Will I Be Paid?

You MUST submit a Proof of Claim and Release to be eligible to participate in the Net Settlement Fund. **Class Members who do not file acceptable Proof of Claim and Release forms will not share in the settlement proceeds. Class Members who do not file acceptable Proof of Claim and Release forms will nevertheless be bound by the judgment and the settlement.**

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. No distribution will be made on a claim where the potential distribution amount is less than $10.00 (U.S.).

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased Huntsman common stock or call options, or sold Huntsman put options ("HUN"), during the period between May 9, 2008 and June 18, 2008, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Huntsman common stock or call options or sold put options during such time period, preferably electronically, in an MS Excel data table setting forth (1) title/registration, (2) street address, (3) city/state and (4) zip code or (b) request additional copies of this Notice and the Proof of Claim and Release form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim and Release form directly to the beneficial owners of those Huntsman securities. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Lifschitz v. Hexion Specialty Chemicals, Inc.*
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085
1-877-965-3300
Email:  info@huntsmanshareholdersecuritieslitigation.com

Website:  www.huntsmanshareholdersecuritieslitigation.com

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

**EXHIBIT A-2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA LIFSCHITZ, Individually and on ) Behalf of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HEXION SPECIALTY CHEMICALS, )<br>INC., CRAIG O. MORRISON, and )<br>JOSHUA J. HARRIS, )<br>)<br>Defendants. )<br>)<br>_____ ) | Civil Action No.<br><br>08 Civ. 6394 (RMB) |

### PROOF OF CLAIM AND RELEASE

IF YOU PURCHASED THE COMMON STOCK OR CALL OPTIONS OR YOU SOLD PUT OPTIONS OF HUNTSMAN CORPORATION ("HUNTSMAN") BETWEEN MAY 9, 2008 AND JUNE 18, 2008, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

EXCLUDED FROM THE CLASS ARE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY OF ANY SUCH DEFENDANT, ANY ENTITY WHICH HAS OR HAD A CONTROLLING INTEREST IN ANY DEFENDANT OR IN WHICH ANY DEFENDANT HAS OR HAD A CONTROLLING INTEREST, THEIR RESPECTIVE OFFICERS AND DIRECTORS, APOLLO GLOBAL MANAGEMENT, LLC ("APOLLO GLOBAL"), ANY PARTNER OF OR PERSON OR ENTITY AFFILIATED WITH APOLLO GLOBAL, INCLUDING, WITHOUT LIMITATION, ANY FUND ESTABLISHED BY APOLLO GLOBAL AND/OR ANY PERSON OR ENTITY WHO INVESTED IN SUCH FUND (APOLLO GLOBAL AND ALL SUCH PARTNERS, PERSONS, ENTITIES AND FUNDS BEING COLLECTIVELY REFERRED TO AS "APOLLO"), HUNTSMAN, JON M. HUNTSMAN, PETER R. HUNTSMAN FAMILY HOLDINGS COMPANY LLC, THE JON AND KAREN HUNTSMAN FOUNDATION, KAREN H. HUNTSMAN INHERITANCE TRUST, HUNTSMAN FINANCIAL CORPORATION, BRYNN B. HUNTSMAN, AS CUSTODIAN UNDER THE UTAH UNIFORM TRANSFERS TO MINORS ACT, FOR THE BENEFIT OF REBECCA BRYNN HUNTSMAN, RACHEL BRYNN HUNTSMAN, CAROLINE BRYNN HUNTSMAN, AMBER BRYNN HUNTSMAN, VIRGINIA BRYNN HUNTSMAN, AND JAMES B. HUNTSMAN, CREDIT SUISSE SECURITIES LLC, AND DEUTSCHE BANK SECURITIES, INC., AND OFFICERS,

DIRECTORS, LEGAL REPRESENTATIVES, AGENTS, EXECUTORS, HEIRS, SUCCESSORS OR ASSIGNS OF ANY SUCH EXCLUDED PERSON.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND   MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN MAY 5, 2010, TO THE FOLLOWING ADDRESS:

<div align="center">

Proof of Claim and Release
*Lifschitz v. Hexion Specialty Chemicals, Inc.*
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085

</div>

**YOUR FAILURE TO SUBMIT YOUR CLAIM BY MAY 5, 2010 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.**

<div align="center">

### CLAIMANT'S STATEMENT

</div>

1.     I purchased the common stock or call options or sold put options of Huntsman during the period between May 9, 2008 and June 18, 2008, inclusive.

2.     By submitting this Proof of Claim and Release, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action, Settlement Fairness Hearing and Application for Attorneys' Fees and Expenses (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone else excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Settlement proceeds; that I elect to participate in the proposed Settlement described in the Notice, and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (such as an executor, administrator, trustee, guardian, attorney-in-fact or other representative), you must certify that you are currently authorized to act on behalf of the Class Member and submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.     I have set forth where requested below all relevant information with respect to each transaction in the common stock, put options and/or call options of Huntsman during the Class Period.

4.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns and/or other documents evidencing each transaction listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR STOCKBROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.  PLEASE DO NOT SEND ORIGINALS OF SUCH DOCUMENTS.)

5.      I understand that the information contained in this Proof of Claim and Release is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

6.      Upon the occurrence of the Effective Date (as defined in the Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim and Release on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns, of each of the "Released Persons" of any and all of the "Released Claims," as defined herein.

7.      By submitting this Proof of Claim and Release, the undersigned and any person or entity on whose behalf the undersigned is acting, submits to the jurisdiction of the United States District Court for the Southern District of New York for all purposes of the Action.

8.      **Statement of Claim**

Name(s) of Beneficial Owner(s):

_____

Name

_____

Name

_____

Street No.

_____

City                                        State                           Zip Code

3

(____)_____    (____)_____
Telephone No. (Day)                         Telephone No. (Night)


_____
Social Security Number (for individuals) or


_____
Taxpayer Identification Number (for estates, trusts, corporations, etc.)


Check One:

__ Individual  __ Corporation  __ Trust  ___ Estate  __ IRA Account  __ Other (specify)


_____
Joint Owner's Name (if any)

## HUNTSMAN COMMON STOCK

### SHARES OWNED ON MAY 8, 2008

9.    At the close of business on May 8, 2008, I owned ____ shares of Huntsman common stock.

### SHARES PURCHASED

10.    I made the following **PURCHASES** of Huntsman common stock between May 9, 2008 and June 18, 2008, inclusive.  (Persons who received Huntsman common stock during the Class Period other than by purchase, such as by gift or inheritance, are not eligible to submit claims for those transactions.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

_____/_____/_____        _____     $_____     $_____

_____/_____/_____        _____     $_____     $_____

**SHARES SOLD**

11.    I made the following **SALES** of Huntsman common stock between May 9, 2008 and June 18, 2008, inclusive:

| Date(s) of Sales (List Chronologically) (Month/Day/Year) | Number of Share(s) of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (excluding commissions and fees) |
|---|---|---|---|
| _____/_____/_____ | _____ | $_____ | $_____ |
| _____/_____/_____ | _____ | $_____ | $_____ |
| _____/_____/_____ | _____ | $_____ | $_____ |
| _____/_____/_____ | _____ | $_____ | $_____ |

**SHARES OWNED ON JUNE 18, 2008**

12.    At the close of business on June 18, 2008, I owned ___ shares of Huntsman common stock.

## HUNTSMAN CALL OPTIONS

**CALL OPTIONS OWNED ON MAY 8, 2008**

13.    At the close of business on May 8, 2008, I owned ___ Huntsman call options.

**CALL OPTIONS PURCHASED**

14.    I made the following **PURCHASES** of Huntsman call options between May 9, 2008 and June 18, 2008, inclusive. (Persons who received Huntsman call options during the Class Period other than by purchase, such as by gift or inheritance are not eligible to submit claims for those transactions.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Call Options Purchased | Purchase Price Per Call Option | Aggregate Cost (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

**CALL OPTIONS SOLD**

15.    I made the following **SALES** of Huntsman call options between May 9, 2008 and June 18, 2008, inclusive:

| Date(s) of Sales (List Chronologically) (Month/Day/Year) | Number of Call Options Sold | Sale Price Per Call Option | Amount Received (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

**CALL OPTIONS OWNED ON JUNE 18, 2008**

16.    At the close of business on June 18, 2008, I owned ____ Huntsman call options.

## HUNTSMAN PUT OPTIONS

**PUT OPTIONS OWNED ON MAY 8, 2008**

17.    At the close of business on May 8, 2008, I owned ____ Huntsman put options.

**PUT OPTIONS SOLD**

18.    I made the following **SALES** of Huntsman put options between May 9, 2008 and June 18, 2008, inclusive.

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Put Options Sold | Sales Price Per Put Option | Aggregate Proceeds (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

**PUT OPTIONS PURCHASED**

19.    I made the following **PURCHASES** of Huntsman put options between May 9, 2008 and June 18, 2008, inclusive:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Put Options Purchased | Purchase Price Per Put Option | Amount Received (excluding commissions and fees) |
|---|---|---|---|
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |
| ____/____/____ | _____ | $_____ | $_____ |

**PUT OPTIONS OWNED ON JUNE 18, 2008**

      20.    At the close of business on June 18, 2008, I owned ___ Huntsman put options.

<div align="center"><strong>SUBSTITUTE FORM W-9</strong></div>

      (You must provide the requested information here even if you have already provided the same or similar information at Section 8 of this Proof of Claim.)

      Request for Taxpayer Identification Number:

      Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

_____

Social Security Number (for individuals) or

_____

Taxpayer Identification Number (for estates, trusts, corporations, etc.)

<div align="center"><strong><u>RELEASE</u></strong></div>

      For purposes of this Release, the word "I" shall mean I or we, as the context requires, and the term "Class" shall mean all persons who purchased the common stock or call options or sold put options of Huntsman during the period May 9, 2008 through June 18, 2008, inclusive (the "Class Period"). Excluded from the Class are Defendants, members of the immediate family of any such Defendant, any entity which has or had a controlling interest in any Defendant or in which any Defendant has or had a controlling interest, their respective officers and directors, Apollo Global Management, LLC ("Apollo Global"), any partner of or person or entity affiliated with Apollo Global, including, without limitation, any fund established by Apollo Global and/or any person or entity who invested in such fund (Apollo Global and all such partners, persons, entities and funds being collectively referred to as "Apollo"), Huntsman, Jon M. Huntsman, Peter R. Huntsman Family Holdings Company LLC, The Jon and Karen Huntsman Foundation, Karen H. Huntsman Inheritance Trust, Huntsman Financial Corporation, Brynn B. Huntsman, as Custodian under The Utah Uniform Transfers to Minors Act, for the benefit of Rebecca Brynn Huntsman, Rachel Brynn Huntsman, Caroline Brynn Huntsman, Amber Brynn Huntsman, Virginia Brynn Huntsman, and James B. Huntsman, Credit Suisse Securities LLC, and Deutsche Bank Securities, Inc., and officers, directors, legal representatives, agents, executors, heirs, successors or assigns of any such excluded Person.

      For purposes of this Release, the term "Released Persons" means each and all of

<div align="center">8</div>

the Defendants and Apollo, as well as each and all of their present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the present or former officers, directors, employees, agents, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representativers, general and limited partners and partnerships, heirs, executors, administrators, successors and assigns of each of them.

For purposes of this Release, the term "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, at law or in equity, whether class or individual in nature, including but not limited to, both known claims and Unknown Claims, (i) that have been asserted in this Action, (ii) that could have been asserted in this Action or in any other forum by Lead Plaintiffs or by any member of the Class, as such or in any other capacity, against any of the Released Persons that arise out of, relate to or are based upon, in whole or in part, any of the allegations, transactions, facts, matters or occurrences, representations or omissions, set forth or referred to in the Complaint filed in this Action by Lead Plaintiffs, or the purchase of any common stock or call options or sale of put options of Huntsman during the Class Period, or (iii) that relate to the administration or distribution of the Net Settlement Fund.

For purposes of this Release, the term "Unknown Claims" means any and all Released Claims which the Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, including but not limited to, any decision whether to request exclusion from the Class or to object to any aspect of this Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs and Defendants shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect

to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Settlement of which this Release is a part.

The Lead Plaintiffs and the Class Members further acknowledge that they will be precluded from bringing any suit or other proceeding against any of the Released Persons or otherwise, asserting, directly or indirectly, any of the Released Claims against any of the Released Persons.

I, (and if I am an individual, on behalf of myself, and my heirs, executors, administrators, personal representatives, successors and assigns, and if I am acting on behalf of a corporation, partnership, trust or other legal entity on behalf of it and its successors and assigns, and if I am acting or acted as trustee, guardian, conservator, attorney-in-fact or other agent with respect to Huntsman common stock or call options purchased or Huntsman put options sold during the Class Period in such capacity, on behalf of any persons or entities for whom I act or acted as such trustee, guardian, conservator, attorney-in-fact or agent), for and in consideration of the Settlement set forth in that certain Stipulation of Settlement dated January 11, 2010, filed in the Action (the "Stipulation"), and other good and sufficient consideration, the receipt and sufficiency of which are hereby acknowledged, agree to dismiss with prejudice, and hereby release and forever discharge, effective upon the Effective Date of the Stipulation, as by an instrument under seal without further act by any person, each and every one of the Released Persons from any and all of the Released Claims.

I agree that there is a risk that I may incur damages, expenses or liabilities relating to the Released Claims, but which were unknown and unanticipated at the time I executed this Release, and I acknowledge and agree that the Stipulation and this Release is intended to be a full and final accord and satisfaction of such Unknown Claims and a release thereof and shall apply to all unknown and unanticipated results of said matters, as well as those now known and anticipated. In furtherance thereof, I hereby waive any and all provisions, rights and benefits conferred by law of any state or territory of the United States, or principle of common law, or of international or foreign law, which prohibits releases of Unknown Claims. I understand that I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the Released Claims, but hereby stipulate and agree that I am fully releasing such claims and, upon the Effective Date and by operation of the Order and Final Judgment, I will have, fully, finally, and forever settled and released any and all Released Claims

whatsoever against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, including any and all Unknown Claims, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, with regard to the subsequent discovery or existence of such different or additional facts.  I acknowledge that the foregoing waiver and release was bargained for and is a key element of the Settlement of which this Release is a part.

By executing this Release, I represent and warrant that I have not assigned, hypothecated, granted, conveyed, transferred, or otherwise given or agreed to assign, hypothecate, grant, convey, transfer or otherwise give any interest in the Released Claims, or any of them or any portion of them, to any other person or entity.

I have read the foregoing Release carefully and, knowing and understanding its contents and the full legal effect thereof, I certify, under penalty of perjury, that I have signed the same as my own free act and deed as an instrument under seal.

## CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (we) certify that, if I am (we are) acting as the representative for a Class Member I am (we are) currently authorized to act on behalf of the Class Member.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

Signature: _____    Date: _____

Signature: _____    Date: _____

If the person executing this Proof of Claim and Release is acting in a

representative capacity, evidence of such person's current authority to act on behalf of the Class Member must be submitted with this Proof of Claim and Release.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED NO LATER THAN MAY 5, 2010, AND MUST BE MAILED TO:**

<div align="center">

Proof of Claim and Release
*Lifschitz v. Hexion Specialty Chemicals, Inc.*
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085

</div>

A Proof of Claim and Release received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by May 5, 2010, and if a postmark is indicated on the envelope and it is mailed by First Class Mail, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release shall be deemed to have been submitted when actually received by the Claims Administrator.

If you wish to be assured that your Proof of Claim and Release is actually received by the Claims Administrator, then you should send it by Certified Mail, Return Receipt Requested. No acknowledgment will be made as to the receipt of Proof of Claim and Release forms. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release forms and to administer the Settlement. This work will be completed as promptly as practicable, given the need to investigate and tabulate each Proof of Claim and Release. Please notify the Claims Administrator of any change of address.

**EXHIBIT A-3**

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA LIFSCHITZ, Individually and on ) <br> Behalf of All Others Similarly Situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HEXION SPECIALTY CHEMICALS, ) <br> INC., CRAIG O. MORRISON, and ) <br> JOSHUA J. HARRIS, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. <br><br> 08 Civ. 6394 (RMB) |

<u>SUMMARY NOTICE OF PENDENCY AND  PROPOSED
SETTLEMENT OF CLASS ACTION AND SETTLEMENT
FAIRNESS HEARING</u>

TO: ALL PERSONS WHO PURCHASED THE COMMON STOCK OR CALL OPTIONS OR SOLD PUT OPTIONS OF HUNTSMAN CORPORATION BETWEEN MAY 9, 2008 AND JUNE 18, 2008, INCLUSIVE (THE "CLASS").

      **YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action (the "Action") has been conditionally certified as a class action and that a settlement for $18,000,000 has been proposed. A hearing will be held before the Honorable Richard M. Berman, United States District Judge, on May 18, 2010 at 11:00 a.m. in Courtroom 21B of the United States Courthouse, 500 Pearl Street, New York, New York 10007, to determine whether:

1. The Class should be finally certified for settlement purposes;
2. The proposed settlement of the Action for $18,000,000, plus interest, is fair, reasonable and adequate and should be approved by the Court;
3. An Order and Final Judgment should be entered dismissing all claims in the Action against the Defendants, releasing the Released Persons from any and all Released Claims and dismissing the Action with prejudice and without costs;
4. The Plan of Distribution of the Net Settlement Fund should be approved; and
5. Attorneys' fees and expenses requested by Plaintiffs' Lead Counsel should be awarded.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.** If you have not yet received the full printed Notice of Pendency and Proposed Settlement of Class Action, Settlement Fairness Hearing and Application for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form, you may obtain copies of these documents by contacting:

*Lifschitz v. Hexion Specialty Chemicals, Inc.*
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085
www.huntsmanshareholdersecuritieslitigation.com
1-877-965-3300

Inquiries, other than requests for the forms of Notice and Proof of Claim and Release, may be made to Plaintiffs' Lead Counsel: Deborah R. Gross, Esquire, Law Offices Bernard M. Gross, P.C., Suite 450, 100 Penn Square East, Philadelphia, Pennsylvania 19107, Telephone (215) 561-3600.

To participate in the settlement, you must submit a Proof of Claim and Release no later than May 5, 2010. As more fully described in the Notice, the deadline for submitting objections and requests for exclusion is May 3, 2010. If you are a Class Member and do not submit a proper Proof of Claim and Release, you will not share in the settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by contacting the claims administrator, Valley Forge Administrative Services, at the address, phone number or website listed above.

Dated _____, 2010                    By Order of the Court