```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANDRA LIFSCHITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>HEXION SPECIALTY CHEMICALS, INC., CRAIG O. MORRISON, and JOSHUA J. HARRIS,<br><br>          Defendants. | Civil Action No.<br><br>08 Civ. 6394 (RMB) |

## ORDER FOR DISTRIBUTION OF GROSS SETTLEMENT FUND

**WHEREAS**, the Gross Settlement Amount (i.e., $18,000,000) was transferred to the Court Registry Investment System ("CRIS"), as Escrow Agent, pursuant to the Court's Order entered in the captioned action (the "Action") on January 21, 2010;

**WHEREAS**, the Judgment and Order of Dismissal with Prejudice (the "Judgment") was entered in the Action on May 19, 2010, although several issues remain;

**WHEREAS**, as set forth in the Notice of Pendency and Proposed Settlement of Class Action, Settlement Fairness Hearing and Application for Attorneys' Fees and Expenses (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to Valley Forge Administrative Services, Inc. ("Claims Administrator") in order to participate in the distribution of the Net Settlement Fund was May 5, 2010;

1

**WHEREAS**, in satisfaction of due process requirements, all Class Members who filed claims that were ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected;

**WHEREAS**, the process of reviewing all Proofs of Claim has been completed;

**WHEREAS**, Plaintiffs' Lead Counsel has moved for an Order permitting distribution of the Gross Settlement Fund, including interest;

**WHEREAS**, the Court has reviewed Plaintiffs' Lead Counsel's motion for distribution of Gross Settlement Fund and the supporting documents, including the Revised Supplemental Affidavit of Michael Miller, dated July 21, 2010, submitted on behalf of the Claims Administrator (the "Claims Administrator Affidavit");

**WHEREAS**, all capitalized terms not defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated January 11, 2010 (the "Stipulation"); and

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The Clerk of Court is hereby authorized to disburse from CRIS the amount of $1,338,018.32 – comprising $1,260,000 in attorneys' fees and $78,018.32 in expenses, as awarded in the Judgment ("Fees Award") – and interest on the attorneys' fees award of $1,260,000 calculated from May 19, 2010 to the date of disbursement, by check made payable to Law Offices Bernard M. Gross, P.C., 100 Penn Square East, Suite 450, Philadelphia, Pennsylvania 19107. Plaintiffs' Lead Counsel is hereby authorized to deposit this check for its own account no earlier than one (1) business day following the

mailing of all checks to Authorized Claimants, as set forth below in paragraph 3 of this Order.

2.   Having made an initial award of fees and expenses to the Claims Administrator of $34,472.60 in the Judgment, the Court hereby approves the Claims Administrator's supplemental application for fees and expenses, dated July 21, 2010, in the amount of $55,317.87 which does not appear unreasonable. The Clerk of Court is hereby authorized to disburse from CRIS the amount of $89,790.47 in Claims Administrator's fees and expenses, by check made payable to Valley Forge Administrative Services, Inc., One Aldwyn Center, Villanova, Pennsylvania 19085. The Claims Administrator is hereby authorized to deposit this check for its own account no earlier than one (1) business day following the mailing of all checks to Authorized Claimants, as set forth below in paragraph 3 of this Order.

3.   The Authorized Claimants listed on Exhibit C to the Claims Administrator Affidavit are hereby approved for payment in accordance with their Recognized Claims, as set forth in Exhibit C to the Claims Administrator Affidavit. The Clerk of Court is hereby authorized to release to the Claims Administrator from CRIS the balance of the Gross Settlement Fund, with interest, after deducting the amounts of the awards set forth in paragraphs 1 and 2 hereof, by check made payable to Valley Forge Administrative Services, Inc., One Aldwyn Center, Villanova, Pennsylvania 19085. The Claims Administrator shall pay to each Authorized Claimant, by check, his or her *pro rata* share of the Net Settlement Fund in accordance with his or her Recognized Claim as set forth in Exhibit C to the Claims Administrator Affidavit. Prior to calculating the *pro rata* share of each Authorized Claimant, the Claims Administrator shall deduct from the Gross

Settlement Fund those amounts necessary to pay all Taxes and Tax Expenses, described in ¶ 2.5 of the Stipulation, incurred by the Settlement Fund.

4. Each person whose Proof of Claim has been rejected by the Claims Administrator, as set forth in Exhibit D to the Claims Administrator Affidavit, shall not receive any payment for the Settlement Fund.

5. Distributions to the accepted Claimants shall bear the notation in all capital letters "Cash Promptly, Void 90 Days After Issue Date."

6. The Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, shall take appropriate action to locate and/or contact through reasonable means: (i) any eligible Claimant who has not cashed his, her or its distribution within ninety (90) days; and (ii) any eligible Claimant whose distribution check was returned as undeliverable. The Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, shall attempt through reasonable means to reissue any such checks to such eligible Claimants.

7. Plaintiffs' Lead Counsel shall provide the Court, by letter, on or before November 22, 2010, with a report on the status of the distribution process and Plaintiffs' Lead Counsel's recommendations for any reasonable necessary steps to be taken after the distribution checks become stale-dated.

8. The Claims Administrator may discard paper or hard copies of the Proof of Claim and Release forms and all supporting documentation one (1) year after the final distribution of the Net Settlement Fund to the eligible Claimants, and electronic copies of the same three (3) years after the final distribution of the Net Settlement Fund to the eligible Claimants.

9. The conference before the Court regarding distribution of the Gross Settlement Fund scheduled for July 26, 2010 is hereby vacated.

10. The Court may retain jurisdiction over any further application by the parties hereto or matter that may arise appropriately in this Action.

DATED:   July 22, 2010
         New York, New York

*RMB*

**RICHARD M. BERMAN**
**UNITED STATES DISTRICT JUDGE**